UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES SWANN | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:20-cv-264-TRM-CHS |
| PENSKE and J. TAYLOR | ) ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

I. **Introduction**

Pro se Plaintiff James Swann, proceeding *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against Defendants alleging violations of his constitutional rights. He is currently incarcerated at the Shelby County, Tennessee, jail. Because I conclude that his complaint does not state a claim for which relief can be granted, I **RECOMMEND** this action be **DISMISSED** without prejudice.

The Court has the responsibility to screen all actions filed by prisoners seeking *in forma pauperis* status—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A.

II. **Facts**

Plaintiff has filed a complaint entitled "Complaint for Violations of Civil Rights Under 42 U.S.C. § 1983." [Doc. 1, Complaint at 1]. Plaintiff alleges that Defendant Taylor is employed by Penske and rented him a Penske truck in Kingsport, Tennessee, for a three month period. [*Id.* at 1-3]. Plaintiff further alleges that, during the rental period, Defendant Taylor or Penske falsely

reported the truck as stolen. And, as a result, he was "lock[ed] up." [*Id.* at 4-5]. Plaintiff is seeking $5,000,000 in damages from Defendants. [*Id.* at 5].

### III. Discussion

#### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief."). This requirement simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B.  Analysis

To state a claim under Section 1983, a plaintiff is required to show that he has been deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and that the defendants caused the deprivation while they were acting under color of state law. *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752 (6th Cir. 2020); *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000); *Baker v. Hadley*, 167 F.3d 1014, 1017 (6th Cir. 1999). Neither of the defendants named in Plaintiff's complaint is a state actor. In other words—accepting as true that Defendant Taylor was employed by Penske; he rented Plaintiff a Penske truck; and he falsely reported the truck as stolen—neither Taylor nor Penske was acting on behalf of a governmental entity in the course of these events. Therefore, Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983.

IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice for failure to state a claim for which relief can be granted.[1]

ENTER.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).